**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TAMMY MELLENTHIN, on behalf of her minor child, K.M., )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>MEAD JOHNSON & COMPANY, LLC, MEAD JOHNSON NUTRITION COMPANY, and ABBOTT LABORATORIES, )<br>)<br>*Defendants.* ) | Case No: 23-cv-01146 |

## PLAINTIFF TAMMY MELLENTHIN'S MOTION TO REMAND

**COMES NOW** Plaintiff Tammy Mellenthin pursuant to 28 U.S.C. § 1447(c) and moves the Court to remand this case to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, Missouri, from where it was removed by Defendants Mead Johnson & Company, LLC and Mead Johnson Nutrition Co (together "Mead Johnson"). As support for this application, Ms. Mellenthin states as follows:

1. On February 8, 2022, this tort action was filed by Sarah Hampton (K.M.'s biological mother) in the Circuit Court, City of St. Louis, Missouri (Cause No. 2222-CC00216) (Dkt. No.1-1 at 9 (Petition, filed February 8, 2022)), seeking recovery for damages minor K.M. sustained as a result of Defendants' negligent, willful, and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of cow's milk-based infant formula products (hereinafter the "Products"). In August 2023, Ms. Mellenthin (K.M.'s grandmother and adoptive mother) moved for leave to intervene and file an amended petition adding Ms. Mellenthin as a plaintiff bringing claims on

K.M.'s behalf. The state court granted Ms. Mellenthin's motion, Ms. Hampton voluntarily dismissed her claims, and Ms. Mellenthin filed an amended petition on September 5, 2023.

2. The claims in the Amended Petition are the same as those asserted in the original petition and are based on state law theories of liability, with causes of action for design defect, failure to warn, negligence, intentional misrepresentation, and negligent misrepresentation. The Amended Petition, the same as the original petition, alleges that defendants Mead Johnson and Abbott Laboratories manufacture and market cow's milk-based infant formula products that cause a deadly condition in premature infants called necrotizing enterocolitis ("NEC"), yet they conceal and misrepresent these health risks. The Amended Petition further alleges that defendant Susie Mondello, a sales representative for Mead Johnson, has likewise negligently and intentionally misled the general public, hospitals, and healthcare providers about the safety of cow's milk-based infant formula products.

3. On September 13, 2023, Defendant Mead Johnson removed this action alleging the existence of diversity jurisdiction under 28 U.S.C. §1332. (Dkt. 1 ¶ 1.) Mead Johnson's removal comes over a year and a half after the case was filed. In that period, the parties have been diligently preparing for trial, engaging in discovery, and handling other trial related matters in anticipation of trial in April 2024.

4. Mead Johnson's removal is untimely and should be remanded to state court. First, under 28 U.S.C. § 1446(b)(1), this Court should remand because Mead Johnson removed more than 30 days after the initial pleading in this was filed in February 2022. Mead Johnson's contention that the Amended Petition, filed September 5, 2023, is a "new lawsuit" contradicts § 1446(b)(1)'s plain text that starts the 30-day time period from the date of service of the "initial

2

pleading," Missouri law on what constitutes an initial pleading, and the policy animating the deadlines in § 1446.

5.     Second, Mead Johnson's removal is untimely under 28 U.S.C. § 1446(b)(3), which sets a separate 30-day deadline running from the date of service of a "copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Assuming Mead Johnson is correct that diversity jurisdiction exists (it does not), this was ascertainable more than 30 days before Mead Johnson filed its Notice of Removal on September 13, 2023. Mead Johnson asserts that it first learned this lawsuit was removable when it learned Ms. Hampton lacked standing to assert claims on K.M.'s behalf and when it received written discovery from Ms. Mellenthin indicating that, at this time (before discovery had been conducted), she was not aware of K.M. receiving Abbott products prior to contracting NEC. But Ms. Hampton's purported lack of standing is irrelevant to removability, and medical records produced on August 9, 2023—more than 30 days before Mead Johnson filed its Notice of Removal—included records on the formulas K.M. was given, rendering Mead Johnson's Notice untimely.

6.     Third, even assuming it first became ascertainable that this action was removable within 30 days of when Mead Johnson filed the Notice of Removal, the Notice is still untimely under 28 U.S.C. § 1446(c)(1), because it occurred more than one year after the initial pleading was filed in February 2022. And Defendants' argument that fraudulent joinder constitutes bad faith under 28 U.S.C. § 1446(c)(1) has been consistently rejected. *Jackson v. Bayer Healthcare Pharmaceuticals, Inc.*, 2017 WL 2691413 (E.D.Mo. June 22, 2017) (stating the Court is not persuaded by defendant's argument that adding 23 new out-of-state plaintiffs evidences bad faith to prevent defendant's removal); *Trokey v. Great Plains Roofing & Sheet Metal, Inc.*, 2017 WL

722607 *1 (W.D.Mo. Feb. 23, 2017) (stating bad faith and fraudulent misjoinder are addressed independently of each other).  Therefore, the case should be remanded to state court.

7.	Timeliness aside, Mead Johnson's removal is also defective because neither Abbott nor Mondello consented to removal as required under 28 U.S.C. § 1446(b)(2)(A).

8.	Finally, even if Mead Johnson's Notice was timely and properly filed, the case should still be remanded for two reasons.  First, the forum-defendant rule bars removal because Mondello is a citizen of Missouri.  (Dkt. 1 ¶ 8); 28 U.S.C. § 1441(b)(2).  Second, there is no complete diversity between the parties, because Ms. Mellenthin and Abbott are both residents of Illinois.  (Dkt. 1 ¶¶ 21, 27.)   Mead Johnson maintains that both Mondello and Abbott are fraudulently joined, but Mead Johnson cannot carry its burden to show that Ms. Mellenthin has no colorable claims against them.

9.	For the reasons more fully discussed in the attached Memorandum of Law, Mead Johnson's removal is untimely, there is no diversity jurisdiction, and this case should therefore be remanded.  Further, because there is no objective basis for Mead Johnson's removal, Ms. Mellenthin respectfully requests an award of attorneys' fees and costs under 28 U.S.C. § 1447(c).

WHEREFORE, Plaintiff respectfully request that this Court grant this Motion and remand this case to the Circuit Court of the City of St. Louis, Missouri, award fees and costs, together with any further orders that this Court deems just and proper.

							Respectfully submitted,


							/s/ Eric D. Holland
							Eric D. Holland–Bar #: 39935MO
							Patrick R. Dowd – Bar #: 64820MO
							Holland Law Firm
							300 N. Tucker Blvd., Suite 801
							St. Louis, MO 63101
							Tel: 314-241-8111

4

Fax: 314-241-5554
Email: eholland@hollandtriallawyers.com
Email: pdowd@ hollandtriallawyers.com

Ashley Keller (*PHV forthcoming*)
Benjamin J. Whiting (*PHV forthcoming*)
**KELLER POSTMAN, LLC**
150 N. Riverside Plaza, Ste. 4270
Chicago, IL 60606
ack@kellerpostman.com
ben.whiting@kellerpostman.com

Amelia Frenkel (*PHV forthcoming*)
**KELLER POSTMAN, LLC**
1101 Connecticut Ave., N.W., 11th Floor
Washington, DC 20036
amelia.frenkel@kellerpostman.com

*Attorneys for Plaintiff*

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 22, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                      */s/ Eric D. Holland*
                      Eric D. Holland–Bar #: 39935MO
                      Holland Law Firm
                      300 N. Tucker Blvd., Suite 801
                      St. Louis, MO 63101
                      Tel: 314-241-8111
                      Fax: 314-241-5554
                      Email: eholland@hollandtriallawyers.com

                      *Attorney for Plaintiffs*